## SECOND DEPARTMENT, MAY, 1969

## (May 1, 1969)

■ In the Matter of BERNARD L. BROOME, a Suspended Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— This proceeding to discipline an attorney was instituted in 1959 and, after various determinations herein (including two disbarments, one reversed by the Court of Appeals and the other vacated by

this court) and in a criminal action against him, this court made an order on September 29, 1965 directing that the hearing in this proceeding before a Special Referee, which had been theretofore directed by the prior order of this court dated December 14, 1961, shall proceed and that, pending determination of the proceeding, he shall remain suspended from the practice of law in accordance with his prior stipulations. The hearing was held and the Special Referee submitted his report, dated November 24, 1967. The report considered five charges against respondent and contains findings that three of the charges were sustained and two not, and also a recommendation that the period of time during which respondent was disbarred or suspended should be considered " the reasonable amount of the penalty and that he should now be free to continue to practice law without any further penalties." After the rendition of the report, respondent moved for confirmation of the Special Referee's findings, for adoption of his recommendation, and for incidental relief. We heretofore referred that motion to the Committee on Character and Fitness for the Eleventh Judicial District for (1) investigation of respondent's conduct and activities since the commencement of this proceeding and (2) report, including the committee's conclusions as to whether respondent presently possesses the character and fitness requisite for an attorney and counselor at law. The committee has conducted such investigation and has submitted its report. The three charges upon which the Special Referee has found respondent guilty covered conduct over a three-year period of time. They are: (1) failure to file statements of contingent fee retainers on personal and property injury claims; (2) deceit practiced upon this court by deliberately misrepresenting the facts and circumstances pertaining to his retention in statements of retainer filed by him; and (3) entering into an arrangement with a certain associate attorney under which, if either of them were retained by several claimants involved in a common accident whose interests were conflicting, he would utilize the other's name as the nominal attorney representing some of the claimants while actually keeping control of the whole matter; and thus respondent in effect simultaneously represented clients whose interests were antagonistic and in conflict. In our opinion, the proof sustained these three charges. We are also in agreement with the Special Referee's recommendation as to the measure of discipline, in connection with which we have considered the following facts. Respondent has not practiced law since the first order of disbarment, which was made by this court on April 3, 1961. That order remained in effect until December 14, 1961, when this court vacated it pursuant to the Court of Appeals' reversal. The second order of disbarment was made by this court on October 16, 1963, on the ground of respondent's conviction of felonies; and it remained in effect until September 29, 1965, when this court vacated it because of the reversal of the convictions and dismissal of the criminal charges, in part by this court and the remainder by the Court of Appeals. Although the restraint of disbarment was not operative between December 14, 1961 and October 16, 1963 and between September 29, 1965 and the present time, respondent's status during those periods of time was that he was suspended from the practice of law, under his successive stipulations and under our said order of September 29, 1965. In all, respondent has been precluded from practicing law for a total of more than eight years up to the present time. The report of the Committee on Character and Fitness states that since the commencement of this proceeding in 1959 respondent's conduct and activities have been proper, that respondent has complied with the terms of the two disbarment orders and the September 29, 1965 suspension order and that he presently possesses the character and fitness requisite for an attorney and counselor at law. Accordingly, the Special Referee's report is

confirmed and respondent's name is directed to be restored to the roll of attorneys and counselors at law, effective May 1, 1969. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.